JOHN L. BURRIS, Esq., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, Esq., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com
james.cook@johnburrislaw.com


Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY BUENO, individually and as successor-in-interest to Decedent ERIC BUENO; LEO BUENO, individually; and SUSAN HERSEY, individually, | CASE NO.: |
|                        Plaintiffs, | <u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. Section 1983 and pendent tort claims) |
|      vs. | |
| COUNTY OF ALAMEDA, a municipal corporation;  GREG RESENDES, individually and in his capacity as a Deputy Sheriff for the Alameda County Sheriff's Department;  and DOES 1-25, inclusive, individually, jointly and severally, | <u>JURY TRIAL DEMANDED</u> |
|                        Defendants. | |

### **INTRODUCTION**

1.     On December 6, 2014, Decedent ERIC BUENO, was pronounced dead after he was

found hanging from a sheet in his cell at Santa Rita Jail after Defendants' failed to supervise and/or treat him according to the law and the appropriate protocols after having knowledge that Decedent was in need of monitoring and/or serious medical attention.

2.     This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent ERIC BUENO, who died as a result of the unlawful conduct by the County of Alameda's Sheriff's Department.

## JURISDICTION

3.     This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a).  This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. Section 1367.  Venue is proper because the unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

## PARTIES

4.     Decedent, ERIC BUENO, was an individual residing in the State of California. Decedent was married at the time of his death but died intestate.

5.     Plaintiff KATHY BUENO ("Plaintiff K. Bueno"), is and was at all times herein mentioned the wife of Decedent ERIC BUENO. Plaintiff K. Bueno sues in her individual capacity and as the Successor-in-Interest to Decedent ERIC BUENO.

6.     Plaintiff LEO BUENO (" Plaintiff L. Bueno"), is and was at all times herein mentioned the father of Decedent ERIC BUENO and a citizen of the United States. Plaintiff L. Bueno is acting in his individual capacity as the biological father of Decedent ERIC BUENO.

7.     Plaintiff SUSAN HERSEY ("Plaintiff Hersey"), is and was at all times herein mentioned the mother of Decedent ERIC BUENO and a citizen of the United States. Plaintiff Hersey is acting in her individual capacity as the biological mother of Decedent ERIC BUENO.

8.      Defendant COUNTY OF ALAMEDA ("County") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the County operates the Alameda County Sheriff's Department.

9.      Defendant GREG RESENDES ("Resendes"), was a Deputy Sheriff for the County of Alameda Sheriff's Department, and is sued individually and in his official capacity.

10.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 15, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs allege Defendants DOES 1 through 15, and each of them were negligent and deliberately indifferent to ERIC BUENO's medical and mental health needs and safety, failed to provide psychiatric care to him or take other measures to prevent him from attempting suicide, violated his civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct.  Plaintiffs further allege that the DOE Defendants violated Plaintiffs' Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of ERIC BUENO.  Plaintiffs will amend this complaint to state the names and capacities of DOES 1 through 15, inclusive, when they have been ascertained.

11.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 16 through 25, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant County at the time of the conduct alleged herein.  Plaintiffs allege that each of Defendants DOES 16-25 were responsible for the training, supervision and/or conduct of the Jail employees and/or agents involved in the conduct alleged herein.  Plaintiffs allege that each of Defendants DOES 16 through 25 was also responsible for and caused the acts and injuries alleged herein.  Plaintiffs will amend this complaint to state the names and capacities of DOES 16 through 25, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

12.     Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiffs have exhausted all administrative remedies pursuant to California

Government Code Section 910.  Plaintiffs filed an administrative claim with the County of Alameda on June 5, 2015. The County of Alameda has failed to render a decision on the claim.

## **PRELIMINARY ALLEGATIONS**

13.     The County is a public entity and is sued under Title 42 U.S.C. § 1983 for violations of the Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants Resendes and DOES 1-25, and each of them, who at the time they caused Plaintiffs' and Decedent ERIC BUENO's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of County and acting within the course and scope of their employment and/or agency.

14.     Plaintiffs allege that the conduct of each defendant deprived Decedent ERIC BUENO his constitutional right to life, his constitutional right to medical and mental health care for his serious but treatable medical and mental health needs, as well as custodial care and supervision, and caused Decedent ERIC BUENO to suffer grievous harm and physical, psychological, and mental injuries prior to his death, and ultimately caused his death while he was in the custody of Defendants.

15.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

16.     Whenever and wherever reference is made in this Complaint to any act by Defendants County Sheriff's Department Officers Resendes and DOES 1-25, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant and DOE Defendants individually, jointly or severally.

## FACTUAL ALLEGATIONS

17.     On December 6, 2014, Decedent ERIC BUENO was in custody at Santa Rita Jail in Alameda County in B Pod, Cell #1, Housing Unit #7.

18.     Housing Unit #7 is a Maximum security housing unit comprised of four (4) Pods, A, B, C, and D pods. Housing Unit #7 inmates are subjected to direct visual observation every 60 minutes, pursuant to ASCO Policy and Procedure 8.12.

19.     On the date of the incident, Defendant Resendes was responsible for conducting inspections of the housing unit which consisted of observing each inmate to verify the health and custody status of each inmate.

20.     At around 1858 hours, Defendant Resendes entered B pod to conduct door to door cell inspections. When Defendant Resendes entered cell #1 he found Decedent hanging from the top bunk by a torn bed sheet which was tied around his neck and ankles. Decedent was completely suspended between the top and bottom bunk by the torn pieces of bed sheet. Decedent was later pronounced dead.

21.     Decedent was last seen alive at 1545 hours, More than two hours before his last cell check at 1858 hours.

22.     Decedent's death was the proximate result of Defendants County, Resendes, and/or DOES 1-25, failure to reasonably supervise and care for Decedent, after, on information and belief, being put on notice of Decedent's medical condition and potential suicidal ideation.

23.     With deliberate indifference County, Resendes, and DOES 1-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Decedent's and Plaintiffs' rights, the suffering and death of Decedent, and injuries and damages to Plaintiffs.  County, Resendes, and DOES 1-25, inclusive, were untrained or improperly trained in the proper detention and supervision of inmates at Alameda County jail. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying with deliberate indifference the continuing negligent supervision of inmates, including plaintiff's decedent, by Defendants DOES 1-25, and its jail staff.

24.     Plaintiffs allege that Defendants failed to promulgate appropriate policies, guidelines and procedures and have failed to rectify improper practices and customs with regard to the mental health treatment and/or health and safety of Alameda County Jail inmates.  The failures include, but are not limited to, a failure to meet legal, national/professional and medical standards relating to the medical and psychiatric care of inmates, failure to ensure that the staff engage in proper and required welfare checks of inmates, a failure to maintain adequate mental health staff for the Jail, a failure to maintain adequate custodial staff for the Jail.

25.     As a result of the Defendants' deliberate indifference to Decedent's serious medical needs and safety resulted in his long term suffering and ultimately his death.

26.     As a result of the Defendants' conduct alleged herein, Plaintiffs have lost the financial and emotional support, love and companionship of Decedent.

## DAMAGES

27.     Plaintiffs was mentally, emotionally and financially injured and damaged as a proximate result of Decedent's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses.

28.     As a further direct and proximate result of the negligence and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Decedent's financial support.

29.     Each individual Defendant acted recklessly or with callous indifference to Decedemt's life threatening physical, medical and/or psychiatric condition and to Plaintiffs' constitutional rights. Plaintiffs, as Decedent's successors in interest, are therefore entitled to an award of punitive damages against said individual Defendants.

30.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law.  Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983**
**(Survival Action:  Violation of Decedent's Civil Rights)**
**(Plaintiff K. Bueno against Defendants Resendes and DOES 1-25)**

31.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 30 of this Complaint.

32.    The foregoing claim for relief arose in decedent's favor, and Decedent would have been the Plaintiff with respect to this claim if he had lived.

33.    Defendants acted under color of law in failing to reasonably supervise Decedent, were deliberately indifferent to Decedent's medical/psychiatric care, thereby depriving Plaintiffs and the Decedent of certain constitutionally protected rights, including, but not limited to the right to due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution; said rights are substantive guarantees under the Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violations of Plaintiff's Civil Right to a Familial Relationship)**
**(Plaintiffs K. Bueno, L. Bueno, and Hersey against Defendants Resendes, and DOES 1-15)**

34.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 33 of this Complaint.

35.    As a legal cause of Defendants, acting under color of law, acts and/or inactions, Plaintiffs were deprived of her constitutional rights to a familial relationship, and whose deliberate indifference caused injuries which resulted in Decedent's death, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
(*Monell* - 42 U.S.C. Section 1983)
(**Plaintiffs K. Bueno, L. Bueno, and Hersey against Defendants County and DOES 16-25**)

36.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 35 of this Complaint.

37.     The aforementioned acts and/or omissions of the Defendants Resendes and DOES 1-25 in being deliberatively indifferent to Decedent's serious medical needs and safety and violating his civil rights were the direct and proximate result of customs, practices and policies of Defendant County and DOES 16 through 25, as alleged herein.

38.     At all times herein mentioned, Defendants County and DOES 16 through 25 maintained a policy or de facto unconstitutional informal custom or practice of permitting, ignoring and condoning, Jail personnel to delay in providing adequate mental health and medical assistance for the protection of the health or safety of inmates; failing to properly observe and treat inmates, including inadequate: intake and screening and evaluation, diagnosis, referral to mental health professionals, treatment plans, administration of delivery of medications, medical record keeping, staffing, communication between medical, mental health and custodial staff, housing, supervision, access to mental and medical health care, failure to supervise, lax supervision, failure to report, investigate, and reprimand Jail personnel wrongful conduct.

39.     Plaintiffs allege that Defendant County maintained a policy, custom or practice of failing to provide adequate staff in the Jail causing a failure to properly monitor the inmates.

40.     Plaintiffs allege that Defendant County maintained a policy, custom or practice of failing to provide the Jail with adequate mental health personnel.

41.     Each policy, custom or practice posed a substantial risk of serious harm to Decedent and Defendant County knew, or should have known, its policy posed this risk.

42.     Plaintiffs are further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25, and/or each of them, Defendant County, DOES 16-25, and/or each of them, encouraged the Jail personnel to continue their course of deliberate indifference and caused this lack of training in Jail personnel, resulting in the violation of the Plaintiffs' rights as alleged herein.

43.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking County officials, including high ranking Alameda Sheriff's Department Supervisors, Defendants DOES 16-25, and each of them resulted in the deprivation of Plaintiffs constitutional rights.  These customs, practices or policies were the legal cause of Plaintiffs injuries, and each individual Defendant acting in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as Decedent, who was in the custody and care of Defendants. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(C.C.P. Section 377.60 and 377.61)
(Wrongful Death- Negligence)
(Plaintiffs K. Bueno, L. Bueno, and Hersey against Defendants Resendes and DOES 1-25)

44.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 43 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

45.     Defendants County, by and through its agents and employees,  Defendant Sheriff's Deputies, Jail and Medical Personnel, and Defendants Resendes, and DOES 1-25, negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth herein-above proximately caused the death of decedent.

46.     As an actual and proximate result of said Defendants' negligence, and the death of decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

47.     As a further actual and proximate result of said defendants' negligence, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

48.     Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of California Government Code § 845.6)**
**(Plaintiffs K. Bueno, L. Bueno, and Hersey against Defendants Resendes and DOES 1-25)**

49.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 48 of this Complaint.

50.     Defendants knew or had reason to know that Decedent was in need of immediate and higher level medical care, treatment, observation and monitoring. Defendants failed to monitor Decedent according to protocol. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant County, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide Decedent access to such care and treatment in violation of California Government Code § 845.6.

51.     As legal cause of the aforementioned acts of all Defendants, Plaintiffs were injured as set forth above, and their losses entitle them to all damages allowable under California law. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorney fees under California law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


**JURY DEMAND**

52.     Plaintiffs hereby demand a jury trial in this action.


**PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages in a sum according to proof;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.     For injunctive relief as the court deems appropriate including that the policies of Defendant ALAMEDA COUNTY for policy or policies relevant to authorizing,

allowing, or ratifying the practice by its Jail Personnel of being deliberately indifferent to mental/psychiatric/medical health needs of the inmates;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated:  December 5, 2016                    /s/ John L. Burris
                                            John L. Burris Esq.,
                                            Attorney for Plaintiffs

Dated:  December 5, 2016                    /s/ Ben Nisenbaum
                                            Ben Nisenbaum, Esq.
                                            Attorney for Plaintiffs

Dated:  December 5, 2016                    /s/ James A. Cook
                                            James A. Cook, Esq.
                                            Attorney for Plaintiffs